## Elizabeth Stanton, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 21,434.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. HARRY C. MORAN, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed April 18, 1917. Rehearing denied May 3, 1917.

### Statement of the Case.

Action by Elizabeth Stanton, plaintiff, against the Chicago City Railway Company, defendant, to recover damages for personal injuries sustained while plaintiff was entering defendant's street car. From a judgment for plaintiff for $6,700, defendant appeals.

For the decision on a former appeal, see *Stanton v. Chicago City Ry. Co.,* 188 Ill. App. 502.

FRANKLIN B. HUSSEY and CHARLES LE ROY BROWN, for appellant; JOHN R. GUILLIAMS, of counsel.

JAMES C. McSHANE, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1413*—*when verdict of jury not disturbed.* Where an action to recover damages for personal injuries had been tried twice, the witnesses produced at each trial were practically the same, both juries found the defendant liable, and such finding was not manifestly against the weight of the evidence, *held* that setting aside the verdict as to liability of the defendant would not be justified, notwithstanding the evidence might easily be held, on an independent review, to exculpate the defendant.

2. DAMAGES, § 241*—*when verdict not disturbed as excessive.* A

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

judgment for $6,700 *held* not excessive, notwithstanding a verdict and judgment on a former trial for $6,500 was held on appeal to have been excessive, the witnesses produced at each trial being practically the same, but the evidence on the second trial as to the extent of the injuries upon which the damages were based being somewhat stronger.

3. CARRIERS, § 484*—*when instruction on duty of carrier towards passengers is not erroneous.* A general broad instruction as to a carrier's duty towards passengers within the scope of the words "it does * * * undertakes to exercise the highest degree of practicable care to secure the safety of its passengers" and the words "provided, that such neglect, if any, on the part of the carrier" to exercise such care "and such care, if any, on the part of the passenger" to exercise ordinary care for his own safety "are alleged in the declaration," etc., *held*, considering all the instructions given, to furnish no basis for the claim the jury might have concluded they were warranted in basing their verdict upon any ground of negligence except that charged in the declaration.

4. CARRIERS, § 484*—*when instruction on what constitutes ordinary care is not misleading.* An instruction that ordinary care as used in instructions meant such as an ordinarily prudent person situated as plaintiff was before and at the time of injury would exercise for his or her own safety, *held* not objectionable as misleading, the jury to think that plaintiff, if she undertook voluntarily to step off the car while it was in motion, was in the exercise of ordinary care.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.